IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALLEN R. GERRELL,

    Plaintiff,

vs.                              CASE NO. 4:08-cv-381-SPM-WCS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

THIS CAUSE comes before the Court for consideration of the Magistrate Judge's Report and Recommendation (doc. 26). Plaintiff filed objections (doc. 27). In accordance with Title 28, United States Code, Section 636(b)(1), I have conducted a de novo review and determined that the Report and Recommendation should be adopted despite Plaintiff's objections.

First, Plaintiff objects that the Magistrate Judge erred in concluding that there was substantial evidence in the record sufficient for the Administrative Law Judge to find that Plaintiff's mental impairments were not severe (doc. 27). It is settled

that "[s]ubstantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (internal citations omitted). Additionally, when measuring the severity of Plaintiff's disability, this Court will afford less deference to the opinion of a treating physician where that opinion is not supported by the evidence, was "conclusory[,] or inconsistent with the doctor's own medical records." Phillips v. Barnhart, 357 F.3d 1232, 1240-41 (11th Cir. 2004); Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991).

In this case, the Magistrate Judge correctly affirmed the ALJ's determination that Plaintiff did not suffer from any severe impairments. The ALJ's conclusion was based on substantial evidence, including the testimonies of the Veterans' Administration Medical Center psychiatrist who treated Plaintiff, Dr. Marie Go ("Dr. Go"), and a consulting psychologist, Dr. Marie Hume Guilford ("Dr. Guilford") (doc. 26). The ALJ properly discounted the testimonies of both doctors because they were inconsistent with "prior observation[s] that [Plaintiff's] primary limitation was physical and not mental" (doc. 26). Phillips, 357 F.3d at 1240-41; Edwards, 937 F.2d at 583-84. For instance, Dr. Go's conclusions that Plaintiff experienced severe mental impairment were inconsistent with her findings that Plaintiff's mental examinations were "normal" (doc. 26). Similarly, Dr. Guilford testified that Plaintiff was "markedly limited ... in his ability to interact appropriately with the public, a

Case No.: 4:08-cv-381-SPM-WCS

supervisor, or with co-workers, or to respond appropriately to usual work situations" (doc. 26). Yet, this was altogether inconsistent with her concomitant findings that Plaintiff "only [had] minor difficulty dealing with the mental demands associated with work" (doc. 26).

Dr. Go's inconsistent testimony, taken in tandem with Dr. Guilford's discrepant findings, establishes the substantial evidence underlying the ALJ's ultimate determination that Plaintiff did not suffer from severe impairments (doc. 26). Consequently, having reviewed the record as a whole, I cannot conclude that the ALJ's determination that Plaintiff's condition was not severe was unreasonable.

Secondly, Plaintiff argues that any error in step two of 20 C.F.R. § 404.1520(a)(4)(ii) (the Social Security five-step sequential evaluation process) constitutes a reversible error (doc. 27). Any error as to step two of the rubric is harmless where Plaintiff's "ability to demonstrate the merits of [his] claim for disability with respect to [his] former work activities" is not foreclosed. Flynn v. Heckler, 768 F.2d 1273, 1275 (11th Cir. 1985).

In this case, any error as to step two is harmless because Plaintiff had the opportunity to demonstrate the merits of his claim when the ALJ considered all five steps of the Code of Federal Regulations' evaluation (doc. 26). Plaintiff was unable to sustain his burden of showing that he had a severe impairment that prevented him from working in his prior employment as a Park Service gate guard, as required by step four (doc. 26). 20 C.F.R. § 404.1520(a)(4)(iv); Chester v. Bowen, 792 F.2d

129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986).  Moreover, Plaintiff's employment was terminated not because of his impairment, but because of "misuse of his computer, buying and selling on the job" (doc. 26).  Plaintiff "retained the residual functional capacity to sit, stand and walk for at least six hours in an eight hour workday; lift and carry 10 pounds frequently and 20 pounds occasionally; [and] occasionally bend, kneel, stoop, and climb stairs" (doc. 25). Consequently, the Magistrate Judge was correct in affirming the ALJ's conclusion that Plaintiff had the residual functional capacity to return to work. Therefore, any error as to the second step determination of the non-severity of Plaintiff's mental impairments is harmless.

Accordingly, it is hereby ORDERED AND ADJUDGED as follows:

1. The Magistrate Judge's Report and Recommendation (doc. 26) is *adopted* and incorporated by reference in this order.

2. The decision of the Commissioner to deny Plaintiff's application for Social Security benefits is **affirmed**.

DONE AND ORDERED this twenty-ninth day of September, 2009.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge